## Kress et al. v. Forbes et al.

*Leonard B. Rosenthal*, for plaintiffs.
*Alexander F. Barbieri*, for defendants.

ALESSANDRONI, P. J., January 13, 1955.—Plaintiffs' complaint in quo warranto sought the ouster of James J. Forbes as secretary of the Firemen's Pension Fund, a nonprofit corporation, and that certain individual defendants be ousted from office as directors for the year 1954, and that plaintiffs be declared elected. The Firemen's Pension Fund of Philadelphia was permitted to intervene as a party defendant. The matter came on for hearing before Reimel, J., sitting without a jury. A decree was entered declaring Forbes to be the duly elected secretary of the fund and granting plaintiffs relief on the second count.

Both plaintiffs and defendants filed exceptions to the decree.

The facts are undisputed. An election was held on January 6 and 7, 1954, whereby plaintiffs were defeated for the offices of secretary and directors. Count one of the complaint challenges the standing of James J. Forbes to hold the office of secretary. Forbes is on leave of absence from the Fire Department of the City of Philadelphia. The bylaws provide, article III, sec. 1, that only active, uniformed male members of the fire fighting force are entitled to apply for membership. Article VII, sec. 3, provides that the secretary shall be chosen from the active members of the fund.

Plaintiff, Ralph Kress, contends that because Forbes is on leave of absence he is not eligible for the office of secretary, because he is not an active member of the fund. This argument is self-defeating, as will appear later. Plaintiff Kress has confused the meaning of the bylaws. One need only be an active member of the fire fighting force to apply for membership. Thereafter, it follows that the degree of membership is determined by the group. Admittedly, Forbes is an active member of the fund.

The essence of Kress' argument is that he cannot be an active member of the fund unless he is on active fire fighting duty. The fallacy of this argument is demonstrated by plaintiff's admission that the job of secretary is a full time one. Reduced to its logical conclusion, any man chosen as secretary must immediately vacate the office because he must needs be relieved of duty as an active fire fighter.

Plaintiff Kress' exception to that portion of the decree declaring Forbes to be the duly elected secretary is wholly without merit, and the exceptions are dismissed.

We turn now to consider defendants' exceptions to that part of the decree declaring all plaintiffs except Kress to be duly elected directors and ousting certain of defendants from the offices. A determination of this issue rests on a construction of the charter and bylaws of the fund.

Article 6 of the charter provides:

"The officers of this association shall consist of a President, Vice-President, Secretary, Treasurer and eleven Directors, who shall be nominated at the annual meeting in the month of December of each year, and elected at an adjourned meeting to be held in the month of January following. The Officers and Directors thus elected shall constitute the Board of Control."

Article IV, sec. 1, of the bylaws provides:

"The officers of this Association shall consist of a President, Vice-President, Secretary, Treasurer, and Assistant Secretary. They shall serve for one year. There shall be eleven directors who shall serve for two years. Six of said directors shall be elected in odd numbered, and five of said directors shall be elected in even numbered years."

On their face the two provisions are in conflict. Despite evidence of long practice to the contrary, the charter provision, the organic law of the corporation must prevail in any conflict.

In Dugan v. Firemen's Pension Fund of Phila., 372 Pa. 429, the court said, at page 434:

" 'Courts, in construing by-laws, will interpret them reasonably, if possible, not scrutinizing their terms for the purpose of making them void, nor holding them invalid if every particular reason for them does not appear'."

With the above principle as our reference we still cannot construe the bylaw to be valid.

However, such a conclusion does not afford the affected plaintiffs the right to office as directors. It comes with poor grace from the mouths of plaintiffs to attack the provision under which they sought office after they were overwhelmingly defeated. We deem the situation analogous to that where one exercises rights or procedures prescribed by a statute and, after receiving an adverse decision, attacks not the decision but the validity of the statute. Here, plaintiffs do not attack the election itself from which they emerged as defeated candidates, but attack the bylaws which established the election procedure and tenure. We deem them estopped to contest the validity of the bylaws for this purpose.

We deem their action unreasonable and unwarranted. We cannot declare these plaintiffs who ran for directorships in 1954 elected to office and oust those men who were elected in 1953. To do so would usurp

the prerogative of the electorate of the fund. As presently constituted, five men are declared directors who received barely 10 percent of the total vote cast. The electorate was unaware that they should be electing not 6 but 11 directors. The incongruity of giving these men office by default, in the face of the vote cast, is obvious.

Since the election held in January 1953 was obviously in violation of the constitution, it was not a valid election. However, in accordance with the constitutional provision, an election will be held this month and so for that reason the question is for all practical purposes moot. We see no cogent reason for ordering a new election for one that was held two years ago, as proper proceedure requires an election now; any other result would only cause unnecessary confusion. There is no evidence whatsoever that the election previously held was not bona fide.

The Nonprofit Corporation Law of May 5, 1933, P. L. 289, sec. 501, as amended, 15 PS §2851-501, provides that directors serve until their successors are elected and qualified to succeed them. The record does not indicate whether or not the men elected in 1953 served as directors in the term preceding the election. Since, insofar as it appears, they took office in good faith, they must be considered to be directors de facto. That status permits them to serve until their successors are properly elected and qualified.

Therefore, while the election was invalid, since timely recourse to the courts was not had, and in view of the expiration of the term for which the election was held, we do not oust them from office. However, another election in violation of the constitution would call for prompt and effective action.

### Order

And now, to wit, January 13, 1955, plaintiffs' exceptions to the decree nisi are dismissed; defendants' exceptions are sustained.

The court enters the following

*Final Decree*

And now, to wit, January 13, 1955, it is ordered, adjudged and decreed that plaintiffs' complaint be dismissed.

Costs to be paid by plaintiffs.